UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEXTER BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00098-JPH-DLP |
| | ) | |
| WARDEN Pendleton Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Dexter Berry for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 15-11-0031. For the reasons explained in this Entry, Mr. Berry's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On October 29, 2015, Investigator J. Poer wrote a conduct report in case ISR 15-11-0031 charging Mr. Berry with offense A-100, violation of state law. The conduct report states:

> IC 35-4.1-5-2 Conspiracy and IC 35-44.1-3-5 Trafficking with an Inmate. An investigation into the attempted trafficking of controlled substance "Suboxone" was initiated on August 29, 2015. During the course of the investigation, evidence was discovered that proves offender Dexter Berry 114153 7L-1ARH conspired with Ofd Charles Swift 125162, visitor Kristen Hughes and Ofd Jahhim Easter 243105 to traffic Suboxone strips into the facility.

Dkt. 7-1.

Investigator Poer wrote a corroborating report of investigation. Dkt. 7-2. Both the conduct report and the investigation report referred to Confidential Case File 15-CIC-0029, dkt. 9 (*ex parte*), which was not provided to Mr. Berry because of security and safety concerns. The confidential file, which the Court has reviewed *in camera*, corroborates the allegations in the conduct report and the investigation report. *See* dkt. 9 at 1–6 (*ex parte*).

On November 5, 2015, the screening officer notified Mr. Berry of the charge of violating state law and served him with the conduct report and the notice of disciplinary hearing "screening report." Dkt. 7-3. Mr. Berry pleaded not guilty and requested a lay advocate. *Id.* One was appointed. Mr. Berry did not request any witnesses, but he did request that the hearing officer review Confidential Case File 15-CIC-0029. *Id.*

The hearing officer held a hearing on case number ISR 15-11-0031 on November 10, 2015. Dkt. 7-6. Mr. Berry submitted a written statement at the hearing which requested, in part, that the hearing not be conducted by a specific hearing officer. *Id.* at 2. He argued that this conduct report should be dismissed as duplicative of ISR 15-11-0030 and ISR 15-11-0029. *Id.* He further alleged that the conduct report did not provide him with enough information to challenge the allegations against him. *Id.* Finally, he requested witness statements from the alleged visitor and offenders

with whom he was allegedly trafficking. *Id.*

The hearing officer found Mr. Berry guilty of offense A-100 based on the conduct report, Mr. Berry's statement, and the information contained in Confidential Case File 15-CIC-0029. *Id.* at 1. Mr. Berry received the following sanctions: a written reprimand, 45 days of phone restriction, 365 days of restrictive housing, a 154-day loss of good-time credit, and a two-step demotion in credit class. *Id.*

Mr. Berry appealed to the Warden, arguing that he received duplicative conduct reports in cases ISR 15-11-0031 and ISR 15-11-0030, and that due to these duplicative conduct reports, case ISR 15-11-0030 should be dismissed. Dkt. 7-7 at 1. The Facility Designee, Sarah Peckham, denied the appeal on January 4, 2016. *Id.* at 2. Mr. Berry then appealed to the Final Reviewing Authority. The Appeal Review Officer granted Mr. Berry's request to dismiss case ISR 15-11-0030, but denied Mr. Berry's request to dismiss case ISR 15-11-0031. Dkt. 7-8.

**C.      Analysis**

Mr. Berry's only claim is that case number ISR 15-11-0031 should have been dismissed rather than case number ISR 15-11-0030. He argues that the two cases were duplicative and that according to Indiana Department of Correction policy, the second, duplicative one should have been dismissed. He alleges that he lost no earned credit time as a result of ISR 15-11-0030 and that it, the original case, should not have been dismissed.

The respondent argues that in his first appeal, Mr. Berry did not ask that ISR 15-11-0031 be dismissed rather than ISR 15-11-0030. Dkt. 7-7. There is no record of what Mr. Berry requested, if anything different, at the second level of appeal to the Final Reviewing Authority, but Mr. Berry's first appeal request was granted. The Final Reviewing Authority dismissed case number ISR 15-11-0030. Dkt. 7-8. The respondent argues that Mr. Berry's claim that ISR

15-11-0030 was improperly dismissed was not raised on appeal and is therefore procedurally defaulted.

The Court finds that rather than discuss whether Mr. Berry's claim about duplicative charges was, in fact, properly raised on appeal, it is more efficient to dismiss his claim on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) ("Rather than work our way through the maze of these procedural arguments, however, we think it best to cut to the chase and deny [the petitioner's] due process claim on the merits.").

Mr. Berry's claim fails because relief pursuant to 28 U.S.C. § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Because no other due process claim was raised by Mr. Berry, his petition must be dismissed on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. Berry has asserted no constitutional infirmity in the proceeding which entitles him to relief. Accordingly, Mr. Berry's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 11/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEXTER BERRY
114153
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov